IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Pascal Andre Pierre Etcheber, | ) | CIVIL ACTION NO. 2:13-0752-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Federal Bureau of Investigation, Agent David Espie, and The United States, | ) ) ) | |
| Defendants. | ) ) | |

This action has been filed by the Plaintiff, a French national, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1] as well as pursuant to the Federal Tort Claims Act (FTCA), 20 U.S.C. §2675, et seq. Plaintiff alleges that the Defendant Espie, an FBI agent, engaged in misconduct in his federal criminal case, and that the FBI neither prevented nor monitored this conduct, resulting in Plaintiff incurring damages.

The Defendants filed a motion to dismiss or for summary judgment on July 29, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 1, 2013,

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

1



advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motion on September 4, 2013.

The Defendants' motion is now before the Court for disposition.[2]

### Background and Evidence

Plaintiff alleges in his verified Complaint[3] that the Defendant David Espie falsified at least four (4) witness reports and lied multiple times to the Grand Jury as well as under oath in Court during the proceedings in his federal criminal case. See United States v. Etcheber, Cr. No. 2:09-195. Plaintiff further alleges that "[t]he FBI neither prevented nor monitored the wrongful, illegal and abusive conduct of its Agent David Espie through proper controls and diligence". Plaintiff alleges that after having been indicted on "false crimes that could have led me to prison for 70 years", and after having spent 6 months in jail and 8 months under house arrest, and having faced other hardships, he entered into a plea agreement for a misdemeanor charge of possession of marijuana, with the remainder of the charges against him being dismissed with prejudice. Plaintiff alleges that when he was then free to "resume a normal life" on May 25, 2010 (when his federal criminal case ended), he "discovered that the lies and false reports of the agent and the lack of

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the factual allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



controls that the FBI had resulted in false, misleading, damaging portrayal of [him] in the media and on the internet causing such a damage to my reputation that I may never recover from the injustice".

Plaintiff lists a number of allegedly false statements made by Espie, and further alleges that Espie and others "conspired to obstruct justice by destroying all evidence concerning the custodial meeting". Plaintiff seeks an acknowledgment from the FBI that it does not have a sufficient system in place to prevent "rogue agents" from abusing their power, as well as monetary damages "for loss of earnings and the extreme physical and psychological hardship I endured (433 days in detention) as a direct result of the agent's false reports and lies and the inability of the FBI to prevent, monitor and correct such abuse of power".  See generally, Verified Complaint.

As part of their filings in this case, the Defendants have submitted a copy of the decision on Plaintiff's claim filed under the Federal Tort Claims Act and related documents. See Court Docket Nos. 17-1 and 17-2. Plaintiff has also submitted some exhibits as attachments to his response in opposition to summary judgment, to include an ECF docket entry noting the filing of an official transcript in his criminal proceedings, a copy of a letter from Plaintiff's immigration attorney dated October 6, 2009, a copy of an affidavit from Plaintiff's criminal defense counsel, and a copy of the dismissal order from his criminal case. See Plaintiff's Exhibits A-D.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the



pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and exhibits presented, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment in this case.

## I.

## Bivens Claim.

As a federal employee, the Defendant Espie can be sued for damages in his individual capacity in a Bivens lawsuit.[4] FDIC v. Meyer, 510 U.S. 471, 484 (1994)[Bivens claim can be brought against an individual federal employee in his individual capacity.].[5] Plaintiff alleges that



---

[4]David Espie was mistakenly termed as a party Defendant on the Docket pursuant to an Order substituting this party Defendant for the United States. However, that substitution was only for Plaintiff's FTCA claim. Espie remains the named Defendant in Plaintiff's Bivens claim.

[5]The Federal Bureau of Investigations and/or the United States of America are not subject to suit under Plaintiff's Bivens claim. Moore v. U.S. Dept. of Agriculture on Behalf of Farmers Home Admin., 55 F.3d 991, 995 (5th Cir. 1995); FDIC, 510 U.S. at 484. Therefore, Espie is the only party
(continued...)

the Defendant Espie, an FBI agent, subjected him to false imprisonment and malicious prosecution by falsifying witness reports and lying to the federal grand jury as well as during court proceedings "in order to make it appear that I was involved in criminal or unlawful activities". Plaintiff lists eleven allegedly false statements made by Espie, and also alleges that Espie obstructed justice by destroying evidence. However, even though subject to suit for damages in a <u>Bivens</u> action, Espie is nevertheless entitled to summary judgment on Plaintiff's <u>Bivens</u> claims.

It is undisputed that as a result of an investigation into the Plaintiff, he was indicted by a federal grand jury in February 2009 for making false statements to federal law enforcement agents. <u>See</u> <u>United States v. Etcheber</u>, Cr. No. 2:09-195; <u>see</u> also <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. The docket from Plaintiff's criminal case shows that a detention hearing was held on March 24, 2009, at which Plaintiff was present and the Defendant Espie testified. <u>Id</u>., at Court Docket No. 16. The docket further reflects that a superceding indictment was returned by the grand jury in August 2009, adding a count of maintaining a drug-involved premises; a second superceding indictment was returned by the grand jury in November 2009, charging Plaintiff with another count of drug-involved premises, a second count of making false statements, as well as obstruction of justice and witness tampering; a third superceding indictment was issued in December 2009; and a fourth superceding indictment was returned by the grand jury on May 19, 2010. The docket also reflects numerous motions, hearings, and orders related to discovery and other matters over the course of Plaintiff's case.



―――――――――――――――
⁵(...continued)
Defendant under this claim.

On May 25, 2010, Plaintiff was charged in an information with knowingly and intentionally possessing marijuana, a misdemeanor. This information was filed pursuant to a plea agreement, wherein Plaintiff agreed to enter a plea of guilty to this charge, in return for which all of the indictments against Plaintiff would be dismissed with prejudice at the end of the agreed upon probationary period, provided Plaintiff successfully completed his probationary sentence. Id., at Court Docket No. 280. The docket shows that Plaintiff moved for an early termination of his probation on August 2, 2011, which was denied. Plaintiff filed a second motion for early termination of probation on June 7, 2012, which was granted by Order of the Court on July 12, 2012. Therefore, as Plaintiff successfully completed his sentence of probation, and in accordance with the plea agreement, the government moved to dismiss the indictments in the case with prejudice, and the Court entered an Order dismissing the indictments on January 8, 2013. Id., at Court Docket No. 306. Plaintiff filed this lawsuit a few months thereafter.

The undersigned notes that it does not appear that Plaintiff is contesting his conviction on the misdemeanor charge to which he entered a plea of guilty pursuant to his plea agreement. Rather, he is contesting the original felony charges filed against him as part of his criminal prosecution. See Complaint, pp. 3-5 [Wherein Plaintiff alleges that Espie falsified witness reports and lied multiple times to the grand jury as well as in court proceedings which resulted in Plaintiff being charged with "false crimes" that could have lead to a long prison sentence, and that the FBI alleged lack of control over its agents making it easy for people to be "falsely portrayed as criminals, be indicted, misleadingly tried, and have their reputation tarnished . . . ."]. However, Espie argues that those felony charges were only dropped because of the plea agreement, and that Plaintiff's claim is therefore barred by Heck v. Humphrey, 512 U.S. 477 (1994), in which the



6

Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a Plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. See also Colomb v. Grayson, No. 07-2171, 2011 WL 335673 at * 2 & n. 3 (W.D.La. Jan. 31, 2011)[Applying Heck holding to Bivens and finding that a claim implicating the validity of a conviction or sentence does not accrue until the conviction or sentence has been overturned].

Plaintiff argues that Heck does not bar this lawsuit because the felony charges against him were all dropped, and he was therefore never convicted of these charges. However, this does not mean that Plaintiff is entitled to proceed with this claim. Even where criminal charges are nolle prossed, and therefore no conviction was obtained, Heck still bars a claim for damages unless the Plaintiff establishes that the nolle prosequi or dismissal of a criminal charge was entered for reasons consistent with his innocence. Cf. Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997), cert. denied, 118 S.Ct. 1515 (1998). Here, however, the record in this case, and indeed Plaintiff's own exhibits, reflect that his federal felony indictments were dismissed as part of a plea agreement he reached with the prosecution to plead guilty to lesser charges and successfully complete a term of probation. See Cr. No. 2:09-195, at Court Docket Nos. 280, 306. This is not a favorable disposition of those felony charges. cf. Washington, 127 F.3d at 557 ["The plaintiff has the burden of proving a favorable termination. The plaintiff meets his burden of proof only when he establishes the nolle prosequi was entered for reasons consistent with his innocence. The circumstances surrounding the cessation of the criminal proceedings must compel an inference that reasonable



7

grounds to pursue the criminal prosecution were lacking."] (citation omitted).

Therefore, Plaintiff's Bivens claim against the Defendant Espie for malicious prosecution and false imprisonment based on his allegedly false statements and other improper actions is barred by Heck, and should be dismissed. See Roesch v. Otarola, 980 F.2d 850, 853-854 (2d Cir. 1992) [holding that requirement that plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution]; Lambert v. Williams, 223 F.3d 257, 260-261 (4th Cir. 2000) [claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996) [Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; cf. Berman v. Turecki, 885 F.Supp. 528, 532-533, & n. 9 (S.D.N.Y. 1995) [holding that where criminal charges are inextricably intertwined with Plaintiff's claims because both resulted from an allegedly unconstitutional search, in order to succeed on his claim plaintiff must prove that the search was unconstitutional, and by extension, that any item seized pursuant to the search should have been suppressed. Effectively, this would constitute a collateral attack on Plaintiff's conviction through the vehicle of a civil suit, which is exactly the outcome Heck sought to prevent]; Stokes v. Moorman, No. 10-1711, 2010 WL 3862568, at * 5 (D.S.C. Aug. 17, 2010) adopted by, 2010 WL 3834470 (D.S.C. Sept. 27, 2010), aff'd, 406 Fed. Appx. 823 (4th Cir. Jan. 4, 2011), cert. denied, 131 S.Ct. 2994 (2011).

Further, even if Heck did not bar Plaintiff's Bivens claim,[6] this claim would still be



---

[6]Some cases have held that, if the dismissed charges are unrelated to the charge for which a
(continued...)

subject to dismissal. First, the statute of limitations for Plaintiff's false arrest/imprisonment claim is three years. see S. C. Code Ann. § 15-3-530(5); see also Huffman v. Tuten, 446 F.Supp. 2d 455 (D.S.C. 2006); Thompke v. City of Myrtle Beach, No. 05-452, 2007 WL 950388, * 5 (D.S.C. March 26, 2007); Saucillo v. Samuels, No. 12-240, 2013 WL 360258 at * 8 (D.S.C. 2013)[Statute of limitations for a Bivens claim is determined by the analogous state law statute of limitation]. This three year limitations period began to run when Plaintiff was detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 389 (2007). It is undisputed that the original federal indictment in this case was filed on February 18, 2009, and that Plaintiff was thereafter arrested on March 19, 2009, and was detained in custody until April 6, 2009, when he was released on bond. Plaintiff was then rearrested on November 24, 2009 following the filing of a superceding indictment, and was detained in custody until April 29, 2010, when he was again released on bond. See, Docket in Cr. No. 2:09-198. Therefore, the latest date Plaintiff was detained pursuant to legal process was November 24, 2009, when he was arraigned following his second arrest. See Singer v Fulton County Sheriff, 63 F.3d 110, 117 (2d Cir. 1995) (quoting Prosser and Keeton on Law of Torts § 119, pp. 885-886 (5th ed. 1984)["If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any

---



⁶(...continued)
Defendant was found guilty, Heck does not bar a Bivens or § 1983 claim for those unrelated charges. Cf. Butler v. Compton, 482 F.3d 1277, 1280 (10th Cir. 2007); Wilkins v. City of Tempe, No. 09-752, 2010 WL 94116 at * 2-3 (D.Ariz. Jan. 6, 2010). Here, it is arguable that Plaintiff's misdemeanor marijuana conviction was factually unrelated to his dismissed felony charges. Therefore, out of an abundance of caution, the undersigned has also addressed Plaintiff's Bivens claim on the merits. But see Washington, 127 F.3d at 557 [The abandonment of a charge as part of an overall agreement or compromise with the accused is not a favorable termination; otherwise, every time criminal charges are dismissed, a civil malicious prosecution action would result].

9

damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself"]. This case was not filed until March 21, 2013, well after the expiration of the three year limitations period for either of Plaintiff's two arrests.

Once Plaintiff was detained pursuant to legal process, his claim for false arrest/imprisonment ceased, and if pursued after that point, it has to be pursued as a malicious prosecution claim. Singer, 63 F.3d at 117; see also Wallace, 549 U.S. at 389 ["Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a Magistrate or arraigned on charges . . . Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process."] (internal citations omitted); Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990)["An action for false imprisonment cannot be maintained where one is arrested by lawful authority"]. Therefore, Plaintiff's false arrest/imprisonment claim is barred by the statute of limitations.

To the extent Plaintiff's claim can be deemed to extend to one for malicious prosecution, and further assuming for purposes of summary judgment that such a claim would not be barred by Heck; see discussion, supra; this claim could not have been brought prior to the termination of Plaintiff's criminal proceedings. Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995)[For claims based on malicious prosecution, the limitations period starts to run only when the underlying criminal activity is conclusively terminated]; Petitio v. Hill, No. 04-4493, 2007 WL 1016890 at * 12 (E.D.N.Y. Mar. 26, 2007) [same]. Therefore, the three year statute of limitations would not bar a malicious prosecution claim. However, even assuming such a claim would



10

otherwise be prosecutable, in order to pursue such a claim, Plaintiff would need to have evidence to show that he was wrongfully indicted as a result of Espie having lied to or misled the prosecutor, having failed to disclose exculpatory evidence to the prosecutor, or having unduly pressured the prosecutor to seek indictment.  Cf. Wray v. City of New York, 490 F.3d 189, 195 (2nd Cir. 2007)[No police officer liability "in the absence of evidence that [the officer] misled or pressured the prosecution"]; see Evans v. Chalmbers, 703 F.3d 636, 647-648 (4th Cir. 2012).  Plaintiff has failed to submit any evidence sufficient to give rise to a genuine issue of fact with respect to the merits of this claim.

Plaintiff argues in some detail in his response brief as to why the charges against him were without merit, citing to transcripts from the detention hearing and affidavits that were filed in his state court child custody case, interspersed with complaints about the overzealousness of the prosecutor in his case.  However, none of the documents Plaintiff cites to establish the falsity of Espie's testimony or any wrong doing on his part.  The undersigned is also constrained to note that Plaintiff has provided no affidavits, deposition testimony, or other evidence from any purported "witnesses" or "subsequent agents" who only came forward after he was "free" and  supporting Plaintiff's general and conclusory assertion that Espie provided "false" testimony, or that other law enforcement agents were aware of any such false testimony and failed to divulge that information to the Plaintiff or his counsel.  Rather, Plaintiff just argues in his brief that this is what happened. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see also Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 5 (D.S.C. September 4, 2012), aff'd. 507 Fed. Appx. 294 (4th Cir.



2013) [Finding that a self serving affidavit from the Plaintiff was "simply not enough to create a genuine dispute as to any material fact" in light of the other evidence that disputed the credibility of Plaintiff's self serving claims]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. Therefore, even if considered on the merits, Plaintiff's malicious prosecution claim is subject to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)[Mere arguments by the Plaintiff, "absent any evidence such as sworn affidavits accompanying objections to a motion for summary judgment, fail to meet the evidentiary standard necessary to create a genuine issue of material fact"].

## II.

### (FTCA Claim)

With respect to Plaintiff's claim under the FTCA, the FTCA waives sovereign immunity and allows suits against the United States for personal injuries caused by government employees acting within the scope of their employment.[7] Under this Act, a plaintiff may recover monetary awards from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope...of employment." 28 U.S.C. § 1346(b). The United States contends that Plaintiff has failed to establish a viable claim under the FTCA.

First, the United States contends that Plaintiff has not asserted any negligent act by

---

[7]In order to obtain relief in federal court under the FTCA, a litigant must first have exhausted their administrative remedies. See 28 U.S.C. § 2675; McNeil v. United States, 508 U.S. 106, 113 (1993) ["The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."]. The Defendant United States, as successor Defendant to the FBI and Espie for this claim; see Court Docket Nos. 17, 21; has not contested exhaustion of administrative remedies by the Plaintiff for purposes of it summary judgment motion.



Espie; rather, Plaintiff's allegations are that Espie engaged in intention wrongdoing. Additionally, the Defendant argues that an administrative claim under the FTCA must be submitted in writing within two years after the claim accrues, and that Plaintiff's administrative FTCA claim form was not signed by him until May 15, 2012. See Defendants' Exhibit 1 (Court Docket No. 17-1, p. 5); see also 28 U.S.C. § 2401(b). The United States argues, and Plaintiff does not appear to contest, that Espie's testimony before the grand jury was in February 2009, that the detention hearing where Espie testified (and at which Plaintiff was present) was on March 24, 2009, that Espie's second appearance before the grand jury was in August 2009, and that Espie's grand jury testimony was made available to the Plaintiff by the U. S. Attorney's Office on September 25, 2009, all well before two years prior to Plaintiff having filed his FTCA administrative claim on May 12, 2012.

Plaintiff argues in his opposition brief that the two year filing requirement does not bar his FTCA claim because he could not have known that "the allegations against him which got the wheel rolling for his prosecution, indictment, arrest, etc. . . [were false] until after he was free again and witnesses voluntarily came forward informing [him] that their testimonial[s] . . . [to] Espie [were] exculpatory (and not accusatory as the agent falsely reported) and that subsequent agents found this out during separate interviews in preparation for trial, but that information was never divulged to the Plaintiff during his prosecution". However, as noted, Plaintiff was present at the Court hearings at issue and therefore heard Espie's testimony, and also had Espie's grand jury testimony to review as part of the preparation for his criminal trial, and was therefore certainly on notice as to what his testimony was. Further, as already discussed herein, supra, Plaintiff has provided no affidavits, deposition testimony, or any evidence from any purported "witnesses" or "subsequent agents" who only came forward after he was "free" and supporting Plaintiff's general

13



and conclusory assertion that Espie provided "false" testimony, or that other law enforcement agents were aware of any such false testimony and failed to divulge that information to the Plaintiff or his counsel. Rather, as previously noted, Plaintiff just argues in his brief that this is what happened. Therefore, even assuming that Plaintiff's limitations period for filing his FTCA claim did not begin to run until after the termination of his case; see D'Amario v. Weiner, No. 12-6098, 2013 WL 622110 at * 5 (D.N.J. Feb. 19, 2013)["The rule announced in Heck applies equally to FTCA claims . . . ."]; this claim is without merit. Anderson v. Liberty Lobby, Inc., 477 U.S. 244 (1986)["There must be evidence on which [a] jury could reasonable find for the [party opposing summary judgment]"]; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)[A party opposing summary judgment "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another"].

Further, to the extent Plaintiff's claim goes beyond any conduct of Espie, and is instead directed at unknown superiors at the FBI for failing to have proper procedures and safeguards in place to prevent "rouge agents" from abusing their power,[8] to the extent any such claim might fall within the applicable two year statute of limitations, Defendant argues that this claim would most properly be classified as a defamation claim (Plaintiff alleges in his Complaint that the FBI's lack of control resulted in a damage to his reputation), which is not an actionable claim under the FTCA. See Popovic v. United States, No. 98-1432, 1999 WL 228243 at * * 2-5 (4th Cir. 1999); 28 U.S.C.

---

[8]A review of Plaintiff's FTCA claims form does not indicate any such claim on the face of the document, as the claim form only refers to conduct of the Defendant Espie, as well as another federal agent named Bryan Sherota with respect to an interrogation that occurred in October 2007. Therefore, this claim does not appear to have been exhausted. McNeil, 508 U.S. at 113 ["The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."].


§ 2680(h). The United States further notes that, to the extent Plaintiff seeks damages for loss of business or business opportunities as a result of the allegedly wrongful conduct, claims against the United States based on alleged tortuous interference with prospective economic advantage are also barred under the FTCA. Art Metal - USA, Inc. v United States, 577 Fd.Supp. 182, 183-184 (D.D.C. 1983)["Claims for interference with prospective advantage are barred as claims arising out of the interference with contract rights"], aff'd., 753 F.2d 1151 (D.C.Cir. 1985).

In any event, even looking at this issue strictly as a negligence claim, with respect to whether any unnamed supervisor of Espie and/or administrative officials with the FBI were negligent in failing to have proper policies and procedures in place to assure that agents (such as allegedly the Defendant Espie) did not abuse their law enforcement authority and powers, negligence is to be determined "in accordance with the law of the place where the act or omission occurred," here the State of South Carolina. 28 U.S.C. § 1346(b). In order to prove negligence in South Carolina, Plaintiff must prove by a preponderance of the evidence that 1) the Defendant had a legal duty of care; 2) the Defendant failed to discharge that duty; and 3) the Defendant's breach proximately caused him injury. Ajaj v. United States, 479 F.Supp.2d 501, 549 (D.S.C. 2007); Goode v. St. Stephens United Methodist Church, 494 S.E.2d 827, 834 (S.C. 1997); Bailey v. Segars, No. 3370, 2001 WL 791740 (S.C.Ct.App. 2001); Hubbard v. Taylor, 529 S.E.2d 549 (S.C.Ct.App. 2000). Further, Plaintiff is required to show negligence with reasonable certainty, not through mere conjecture, and he may not attempt to prove negligence through the doctrine of res ipsa loquitur. Ajaj, 479 F.Supp.2d at 549; Eickhoff v. Beard-Laney, 20 S.E.2d 153, 155 (S.C. 1942); Crider v. Infinger Transportation Co., 148 S.E.2d 732, 734-735 (S.C. 1966).

Plaintiff has provided no evidence to support the general and conclusory claims in



his Complaint that higher up officials at the FBI were negligent in their oversight of Espie. Specifically, other than the conclusory and self-serving allegations of his Complaint, Plaintiff has presented no evidence, such as affidavits, deposition transcripts, FBI policies or procedures, or other documentary evidence of any type to support his claim that Espie provided false and perjurious testimony and otherwise engaged in the wrongdoing alleged in the Complaint, and that negligence on the part of Espie's superiors was what allowed this conduct to take place. Eickhoff v. Beard-Laney, 20 S.E.2d 153, 155 (S.C. 1942)[a plaintiff is required to show negligence with reasonable certainty, and not through mere conjecture]; see Papasan v. Allain, 478 U.S. 265, 286 (1986) [courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan, 829 F.2d at 12 ["even though pro se litigants are held to less stringent pleading standards then attorneys, the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; House, 824 F.Supp. at 485 [plaintiff's conclusory allegations insufficient to maintain claim]; see also Drakeford v. Thompson, No. 09-2239, 2010 WL 4884897, at * 3 (D.S.C. November 24, 2010), citing Larken v. Perkins, 22 Fed. Appx. 114, 115 (4th Cir. 2001)[Noting that non-movant's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation, . . . [is] insufficient to stave off summary judgment"].

Therefore, the Defendant United States is entitled to summary judgment on Plaintiff's FTCA claim.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary



judgment be **granted**, and that this case be **dismissed**.[9]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 22, 2013
Charleston, South Carolina

---

[9] In the event the Court chooses to dismiss Plaintiff's Bivens claim under Heck, it should be dismissed without prejudice. Fortson v. Dep't. of Justice, 180 Fed. Appx. 172 at ** 1 (D.D.C. Mar. 10, 2006)["Dismissal was, nevertheless, without prejudice to refiling should appellant ever meet the requirements of Heck"].

17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

