IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Pascal Andre Pierre Etcheber, | ) | C/A No.:  2:13-0752-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Federal Bureau of Investigation; Agent Espie; and the United States, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) | |

The *pro se* plaintiff, Pascal Andre Pierre Etcheber, a French national, has asserted claims against the FBI; David Espie, one of its agents; and the United States government. The gist of his claim is that defendant Espie engaged in misconduct relating to federal criminal charges against him and that the FBI neither prevented nor monitored his conduct, resulting in damages to the plaintiff.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation in which he suggests that this court should grant the defendants' motion

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

for summary judgment.[2]   The Magistrate Judge has considered the present action as one against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[3]   The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation and the plaintiff has timely filed objections.

Briefly, the plaintiff was indicted by a grand jury in the Charleston Division in the District of South Carolina for making false statements to federal law enforcement agents. Ultimately, four superseding indictments were returned, charging the defendant with maintaining a drug-involved premises, obstruction of justice, and witness tampering, among other things. While the criminal action was pending, numerous motions were filed and this court conducted several hearings, including a hearing on a motion to suppress filed by the plaintiff.

On May 25, 2010, plaintiff was charged in an Information with knowingly and intentionally possessing marijuana, which is a misdemeanor. This Information was filed

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

[3] In *Bivens*, the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities. Federal officials cannot be sued under § 1983 because they do not act under color of state law. However, defendant Espie can be sued for damages in his individual capacity. A *Bivens* claim is analogous to a claim under § 1983.  *Harlow v. Fitzgerald*, 457 U.S. 812–20 (1982).

pursuant to a plea agreement[4] whereby plaintiff agreed to enter a plea of guilty to this charge in return for which all of the other indictments against him would be dismissed. It was further agreed that the plaintiff would receive a sentence of probation. The court accepted the plaintiff's plea, placed him on probation, and ultimately terminated his probation early.

In this *Bivens* action, plaintiff does not contest the conviction on the misdemeanor charge to which he pled guilty. Rather, he contests the original felony charges filed against him as part of the criminal prosecution. On this record, the Magistrate Judge recommends summary judgment for the defendants.

With regard to the dropped criminal charges, the Magistrate Judge is of the opinion that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars the claim, because plaintiff has not proved that the charges have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck* dictates that this action should be dismissed unless and until one of the foregoing events occurs.

In response, plaintiff argues that *Heck* should not bar this action because the felony charges were all dropped, and he was therefore never convicted of those charges. The Magistrate Judge opines that *Heck* still bars this claim for damages unless the plaintiff establishes that the *nolle prosequi* or dismissal of the criminal charges was entered for

---

[4] The plea tendered by the plaintiff to a misdemeanor allowed him to avoid conviction for a felony, and thus maintain his non-resident status within the United States. A conviction on a felony would have severely hampered his ability to visit the United States and thereby see his daughter.

reasons consistent with his innocence.

Traditionally in this district, and specifically in this case, charges in felony indictments are dismissed as part of a plea agreement offering on terms agreeable to the plaintiff. According to the Magistrate Judge, this is not a "favorable disposition" of these felony charges consistent with plaintiff's innocence.

The Magistrate Judge further opines that even if *Heck* did not bar the claim in this action, the claim would still be subject to summary judgment. First, according to the Magistrate Judge, the statute of limitations for plaintiff's false arrest/imprisonment claim is three years. This three-year limitations period began to run when plaintiff was detained pursuant to legal process. In this case, the federal indictment was filed on February 18, 2009, and plaintiff was arrested on March 19, 2009, and detained in custody until April 6, 2009. Plaintiff was rearrested on November 24, 2009, following the filing of a superseding indictment and was detained in custody until April 29, 2010, when he was again released on bond. Therefore, the latest date plaintiff was detained pursuant to legal process was November 24, 2009, when he was arraigned following his second arrest. Once he was detained pursuant to legal process, his claim for false arrest/imprisonment ceased, and it pursued after that point, it had to be pursued as a malicious prosecution claim.

The Magistrate Judge further suggests that to the extent the claim can be deemed to be one for malicious prosecution, and further assuming that such a claim would not be barred by *Heck*, this claim could not have been brought prior to the termination of plaintiff's

4

criminal proceedings. Therefore, the three-year statute of limitations—while barring a false arrest/imprisonment claim—does not bar a malicious prosecution claim.

Giving the plaintiff the benefit of the doubt on this issue, the Magistrate Judge nevertheless suggests that none of the documents plaintiff cites to establishes the falsity of defendant Espie's testimony or any wrongdoing on his part. Moreover, as noted by the Magistrate Judge, plaintiff has provided no affidavits, deposition testimony, or other evidence from any purported "witnesses" or "subsequent agents" who allegedly came forward after plaintiff was free to bring his claim.

Regarding the plaintiff's claim under the Federal Torts Claims Act (FTCA), the Magistrate Judge agrees with the United Sates that plaintiff has failed to establish a viable claim under the FTCA. First, as noted by the government, the plaintiff has not asserted any negligence act by defendant Espie. Rather, plaintiff's allegations are that Espie engaged in intentional wrongdoing. Here, plaintiff's administrative FTCA claim was not signed until May 15, 2012, which is not within the two-year period during witch the claim accrued. Moreover, the Magistrate Judge suggests that, as was the case with the earlier claims, plaintiff has failed to provide affidavits, deposition testimony, or any other credible evidence to support his claim. Thus, according to the Magistrate Judge, all the court is left with are general and conclusory claims and a complaint with no supporting authority.

The court has reviewed the plaintiff's lengthy objection memorandum and finds no basis for overturning the Magistrate Judge's well-reasoned Report and Recommendation.

Plaintiff's memorandum is not separated into discreet objections, but consists of a wide-ranging attack on each and every aspect of the Report and Recommendation. It asserts general and conclusory objections such as "the Report fails to address key legal issues raised by the plaintiff" and "the report imposes upon the plaintiff evidence that is unrealistic and unnecessary, adding a burden unjustified by any case laws." In other words, this court has not been provided with specific objections that call into question the underlying rationale of the Report and Recommendation.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court adopts the Magistrate Judge's recommendation and incorporates the Report herein by reference. Accordingly, the defendants' motion to dismiss or alternatively for summary judgment (ECF No. 18) is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

March 27, 2014                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                                 United States District Judge